UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| CARLEY WALLING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:13CV78 SNLJ |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiff filed a multicount complaint against defendant alleging claims under the Federal Tort Claims Act (FTCA) for sexual harassment, sexual assault and battery, negligent hiring, retention, and supervision, and a Title VII claim for sexual harassment. This matter is before the Court on defendant's motion to dismiss (#2). The matter has been fully briefed and is ripe for disposition.

**I.    Background**

Plaintiff applied for enlistment in the United States Navy. During the application process, a Naval Recruiter subjected her to sexual assault and battery. The recruiter drove plaintiff to a Naval Recruiting Office and during the ride, the recruiter inquired into plaintiff's sexuality and requested oral sex. Once in the office parking lot, the recruiter again requested oral sex and offered to assist plaintiff with passing the entrance exam in exchange for sexual favors. Further, inside the office, the recruiter inappropriately touched plaintiff and attempted to perform a strip search in the guise of a Navy physical.

After plaintiff reported the recruiter to the Navy, a military tribunal found the recruiter guilty of assaulting plaintiff. Plaintiff filed her complaint in this Court against defendant, as the

recruiter's employer, alleging claims of sexual harassment under the FTCA and Title VII, sexual assault and battery under the FTCA, and negligent hiring, retention, and supervision under the FTCA. Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6) arguing that the Court lacks subject matter jurisdiction over the FTCA claims because the claims arise from the alleged assault or battery and that the Title VII claim should be dismissed because Title VII does not apply to persons who enlist or apply for enlistment in any of the armed forces of the United States. In response, plaintiff abandoned all claims except the negligence claim under the FTCA based on defendant's alleged negligence in hiring, retention, and supervision of the recruiter.

**II.      Legal Standard**

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (quoting *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). "To survive a motion to dismiss, a claim must be facially plausible, meaning that the 'factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id*. (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of

the elements of a cause of action, supported by mere conclusory statements, do not suffice."

*Iqbal,* 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

Federal Rule of Civil Procedure 12(b)(1) requires dismissal if the court lacks subject matter jurisdiction over the claim. A Rule 12(b)(1) challenge can be either to the face of the complaint, or to the factual truthfulness of its allegations. *Titus v. Sullivan,* 4 F.3d 590, 593 (8th Cir. 1993). In a facial challenge, "the nonmoving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Osborn v. U.S.*, 918 F.2d 724, 729 n. 6 (8th Cir. 1990); *Hastings v. Wilson,* 516 F.3d 1055, 1058 (8th Cir. 2008). This means that the court assumes the factual allegations of a complaint are true and construes the facts in favor of the plaintiff. *Hastings*, 516 F.3d at 1058; *Titus*, 4 F.3d at 593.

With these principles in mind, the Court turns to the discussion.

**III.    Discussion**

The United States is immune from suit except where Congress specifically consents to waive that immunity. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). When sovereign immunity is waived, Congress is permitted to specify the terms and conditions under which suits may be brought. *Honda v. Clark*, 386 U.S. 484, 501 (1967). In the absence of clear congressional consent, then, there is no jurisdiction to entertain suits against the United States. *United States v. Mitchell*, 445 U.S. 535, 537 (1980).

The FTCA is a limited waiver of sovereign immunity that imposes liability upon the United States for certain torts committed by its employees. *Sheridan v. U.S.*, 487 U.S. 392, 398 (1988); *Johnson v. United States*, 534 F.3d 958, 962 (8th Cir. 2008). The FTCA allows claims "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or

employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b); *Sheridan*, 487 U.S. at 398. There are certain torts for which immunity is not waived including "[a]ny claim arising out of assault, battery" and other specified intentional torts. 28 U.S.C. § 2680(h); *Sheridan*, 487 U.S. at 398.

In her response to the motion to dismiss, Plaintiff abandoned her claims for assault and battery and sexual harassment. Plaintiff conceded that the defendant has not waived sovereign immunity under the FTCA for intentional torts and that Title VII does not apply to persons who apply for enlistment in the armed forces of the United States. Plaintiff has correctly conceded those issues and the motion to dismiss is properly granted with prejudice on those claims.

Plaintiff continues to pursue her negligence claims for the defendant's alleged negligence in hiring, retention, and supervision of the recruiter. Plaintiff argues that under the Supreme Court's decision in *Sheridan v. U.S.*, 487 U.S. 392 (1988) the government may be liable under a negligence claim even though the injury was the direct result of an assault or battery by a government employee. In *Sheridan*, the Court stated that "in at least some situations the fact that an injury was directly caused by an assault or battery will not preclude liability against the government for negligently allowing the assault to occur." *Sheridan*, 487 U.S. at 398. The Court found that it was possible for a claim to be made against the government if the plaintiff could show that there was negligence arising out of an independent, antecedent duty unrelated to the employment relationship between the tortfeasor and the United States. *Id*. at 401-02. Such antecedent duty and negligence by a government employee could give rise to liability, provided "that similar negligent conduct would support recovery under the law of the State where the

incident occurred." *Id*. at 399. This exception applies where "the employment status of the assailant has nothing to do with the basis for imposing liability on the government. *Id.* at 402.

Plaintiff maintains that the motion to dismiss should be denied and that she should be allowed to conduct discovery because there may be evidence to support her negligence claims against the defendant under Missouri law for negligent hiring, retention, and supervision of the recruiter. Under Missouri law, a negligent hiring claim "turns on whether there are facts from which the employer knew or should have known of a particular dangerous proclivity of an employee followed by employee misconduct consistent with such dangerous proclivity by the employee." *McHafie By and Through McHaffie v. Bunch,* 891 S.W.2d 822, 825 (Mo. banc 1995). A negligent retention claim is basically the same but relates to the act of retaining an already hired employee rather than the initial act of hiring. *Reed v. Kelly,* 37 S.W.3d 274, 277–78 (Mo. App. E.D. 2000). Missouri defines negligent supervision, in part, as the duty of a master

> to exercise reasonable care so to control his servant while acting outside the scope of his employment as to prevent him from intentionally harming others or from so conducting himself as to create an unreasonable risk of bodily harm to them if (a) the servant (i) is upon the premises in possession of the master or upon which the servant is privileged to enter only as his servant, or (ii) is using chattel of the master, and (b) the master (i) knows or has reason to know that he has the ability to control his servant, and (ii) knows or should know of the necessity and opportunity for exercising such control.

*Gibson v. Brewer,* 952 S.W.2d 239, 247 (Mo. banc 1997) (quoting Restatement (Second) of Torts § 317 (1965)).

Indisputably, any claim relating to the hiring, retention, or supervision of the recruiter is tied to his employment status. Further, any claim relating to the hiring, retention, or supervision of the recruiter necessarily arises out of the assault and battery. Plaintiff has not offered any argument of an independent, antecedent duty unrelated to the employment relationship between the recruiter and the defendant in accordance with the exception recognized in *Sheridan*. In

*Sheridan*, the Court found that the alleged negligence of other government employees who allowed a foreseeable assault and battery to occur might impose liability under the applicable state "Good Samaritan" law. *Sheridan*, 487 U.S. at 401-02. The government employees had a duty under the Good Samaritan law that applied regardless of whether the assailant was a private citizen or a federal employee, thus it was an independent basis for liability unrelated to the assailant's employment status. *Id.* Unlike *Sheridan*, plaintiff has not alleged any duty or negligence by any government employee that is entirely independent of the recruiter's employment status.

The core of the assault and battery exception to the FTCA is cases in which a government employee, while doing his job, commits an assault or battery on another person. This case fits within those parameters. Despite plaintiff's attempt to allege her claim as a negligence action, the basis for her claim is not independent of the assault by the recruiter. Instead, her claims of negligent hiring, retention, and supervision of the recruiter are inextricably tied to, and clearly arise out of, the assault by the recruiter. *See Westcott v. Omaha City*, 901 F.2d 1486, 1490 (8th Cir. 1990) (holding that negligence claim was inextricably linked to the battery barring the action under a state tort claims act similar to the FTCA). "Section 2680(h) cannot be circumvented by the creative pleading of a claim." *U.S. v. Baden Plaza Assoc.*, 826 F.Supp. 294, 297 (E.D. Mo. 1993). In *Billingsley v. U.S.*, 251 F.3d 696, 698 (2001), the Eighth Circuit held that the government would not be liable for negligent hiring and supervision of its employee as such a claim pertains to the government's employment relationship with the employee. Further, the Court held that "[t]o find the government liable for negligent hiring and supervision of an employee who commits a tort would frustrate the purpose of § 2680(h), which is to bar suits resulting from 'deliberate attacks by government employees.'" *Billingsley*, 251 F.3d at 698

(quoting Tort Claims Against the United States: Hearings on S. 2690 Before a Subcomm. of the Comm. Of the Judiciary, 76th Cong. 39 (1940)).

This Court finds that the government has not waived sovereign immunity as to plaintiff's claims of negligent hiring, retention, or supervision. Therefore, this Court lacks jurisdiction and will dismiss plaintiff's complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant United States of America's Motion to Dismiss (#2) is **GRANTED**. Plaintiff's Complaint (#1) is **DISMISSED** with prejudice.

Dated this 31st day of December, 2013.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE